IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Torie Bauer, | ) |
| | ) |
| Plaintiff, | ) **ORDER FOR STATUS CONFERENCE** |
| | ) |
| vs. | ) |
| | ) |
| Equinor Energy LP; Grayson Mill | ) |
| Williston, LLC, | ) Case No. 1:21-cv-170 |
| | ) |
| Defendants. | ) |

The basis for this court's exercise of jurisdiction in this action predicated upon the complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a); see also OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). The court cannot at present ascertain Defendant Grayson Mill Williston LLC's ("GMW") citizenship for diversity purposes and thus has questions regarding its continued exercise of jurisdiction in this matter.

The court appreciates that the parties have filed dispositive motions and that trial in this matter is set for June 26, 2023. However, before addressing these motions, the court finds it prudent to first ascertain the citizenship of GMW's members and otherwise address whether GMW was an indispensable party at the time this action was filed and whether it bears upon the court's continued exercise of jursidcition. See Bueford v. Resol. Tr. Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction . . . cannot be waived. It may be raised at any time by a party to an action, or by the court sua sponte."); James Neff Kramper Fam. Farm P'ship v. IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005) (considering jurisdiction on appeal even though jurisdiction was never

challenged in the district court); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter, the court must dismiss the action."); see also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 572–73 (2004) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." (internal quotation marks omitted); Kirkland v. Legion Ins. Co., 343 F.3d 1135, 1142 (9th Cir. 2003) (opining that Fed. R. Civ. P. 21 "is viewed as a grant of discretionary power [to the federal court] to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." (alternations in original, internal quotation marks omitted)); Cuviello v. Feld Ent., Inc., 304 F.R.D. 585, 593 (N.D. Cal. 2015) (dismissing a nondiverse, dispensable party in order to perfect its diversity jurisdiction). With this information, the court can chart the appropriate course.

GMW was joined as a defendant in an amended complaint filed on January 13, 2022, pursuant to a stipulation between Plaintiff and Defendant Equinor Energy LP ("Equinor") that was adopted by the court. (Doc. Nos. 20, 21, and 22). In paragraph five of her amended complaint, Plaintiff asserted the following with respect to GMW's citizenship: "At all relevant times, Defendant Grayson Mill Williston, LLC ("GMW") was, and is, a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Houston, Texas, and registered to do business in North Dakota as a foreign entity and was conducting business in North Dakota. As such, GMW is not a citizen of North Dakota." (Doc. No. 22). In its answer, GMW admitted that it was formed under Delaware law and is registered to do business in North Dakota. (Doc. No. 26). It said nothing about its members' citizenship, however.

The facts alleged to establish GMW's diversity of citizenship were arguably sufficient at the

2

pleading stage.[1] However, the fact that GMW is formed under Delaware law and registered to do business in North Dakota is not, in the final analysis, sufficient to establish GMW's diversity as it is well-settled that the citizenship of an LLC is the citizenship of its members. See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that, for purposes of diversity jurisdiction, an LLC's citizenship is that of its members). Disclosure of the citizenship of LLC members remains "necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship." Advisory Committee Notes re the 2022 Amendment to Rule 7.1. "Disclosure is

---

[1] The Third, and Ninth Circuits have held that, where the facts supporting jurisdiction are not reasonably ascertainable to the Plaintiff, it is sufficient for a Plaintiff to plead its allegations supporting diversity jurisdiction on the basis of information and belief. See Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014) ("[Plaintiff] made a showing that at least some of the information necessary to establish the diversity of the parties' citizenship was within the defendants' control and argued that it should have been excused from the general requirement that it must plead diversity affirmatively and on knowledge. We have already noted that in 'unusual circumstances' a party need not affirmatively allege the citizenship of an opposing party. We conclude that in this situation it was sufficient for [Plaintiff] to allege simply that the defendants were diverse to it." (internal citation omitted); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015) ("[A] a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction.").

It does not appear that the Eighth Circuit has squarely addressed whether, at the pleading stage, the citizenship of an unincorporated entity must be affirmatively pled or whether it is sufficient to plead the issue "upon information of belief." In the absence of explicit guidance from the Eighth Circuit, the court finds the Third and Ninth Circuits reasoning to be persuasive. The membership of unincorporated entities is not a matter of public record. "[A] rule requiring the citizenship of each member of each LLC to be alleged affirmatively before jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent." See Lincoln Ben. Life Co., 800 F.3d at 108-09. "This is surely not what the drafters of the Federal Rules intended." Id. It is also worth noting that Rule 7.1(a)(2) of the Federal Rules of Civil Procedure as amended in 2022 contemplates pleading diversity on information and belief at the pleading stage. Fed. R. Civ. P. 7.1(a)(2). Advisory Committee Notes to the 2022 Amendment to Rule 7.1 (stating that "[a] party suing an LLC may not have all the information it needs to plead the LLC's citizenship" and that "pleading on information and belief is acceptable at the pleading stage").

required by a plaintiff as well as all other parties and intervenors." Id.

In Freeport–McMoRan, Inc. v. K N Energy, the United States Supreme Court held that the addition of a new, non-diverse party generally does not deprive the District Court of subject matter jurisdiction, and hence does not require remand or dismissal. See 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").[2] In so doing it indicated that there might be an exception if the new party was actually an indispensable party at the beginning of the litigation. See id.; see also Burka v. Aetna Life Ins. Co., 87 F.3d 478, 480 (D.C. Cir. 1996). Here, it appears that GMW could perhaps be considered an indispensible party from the beginning of this litigation.

This action arises out of an incident alleged to have occurred on June 3, 2021, at the JA 15-10 6H Pad in Mountrail County (hereafter referred to as "Jerome Anderson location"). In her

---

[2] Some courts have since concluded that the language and holding of Freeport–McMoRan is limited to substitutions under Fed. R. Civ. P. 25, and is not necessarily applicable to joinder under Fed. R. Civ. P. 19. See e.g., Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 140 (1st Cir. 2004) ("The procedural circumstances and ratio decidendi of Freeport–McMoRan limit its precedential value. They make it clear that when the Court declared that "subsequent events" do not divest the district court of diversity jurisdiction, it was referring mainly to post-filing transfers of interest—not to all post-filing additions of non-diverse parties."); Estate of Alvarez v. Donaldson Co., Inc., 213 F.3d 993, 994 (7th Cir. 2000) (stressing that Freeport–McMoRan "looked at a limited part of diversity in which there was a substitution of parties" as opposed to the joinder of additional parties); Cobb v. Delta Exports, Inc., 186 F.3d 675, 680 (5th Cir.1999) ("diversity jurisdiction is unaffected by post-removal joinder of dispensable, non-diverse parties pursuant to Fed. R. Civ. P. 19."); Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir.1998) ("the holding in Freeport–McMoRan relies upon the assignee's having been substituted as a plaintiff under Fed. R. Civ. P. 25(c)"); Bishop v. Moore, 2000 WL 246583, at *2–3 (D. Kan. Feb.4, 2000) ("The Freeport–McMoRan holding is limited to the issue of substitution of parties pursuant to Fed. R. Civ. P. 25"). However, at least one court has noted that Rule 19 does not operate to trump Rule 25 as a method for adding a party when Rule 25 is clearly applicable. Burka v. Aetna Life Ins. Co., 87 F.3d 478, 480 (D.C. Cir. 1996) ("We find nothing in the law suggesting that Rule 19 and/or section 1447(e) must come into play and trump Rule 25(c) as a method for adding a party when, as here, Rule 25(c) clearly is applicable, particularly where the Rule 25(c) motion is first in time.").

amended complaint, Plaintiff did not substitute or replace GMW.  Rather she joined GMW as an additional defendant, presumably after learning of GMW's ownership interest in the Jerome Anderson location.

In their answer and brief in support of the motion for summary judgment, Defendants acknowledge that *they* own the Jerome Anderson location.  They also state the following in their brief:

> Equinor sold the Jerome Anderson location to GMW as part of an asset sale dated, February 9, 2021.  Exhibit 9 at No. 2.  The facility was owned by GMW on the date of Bauer's alleged incident, but pursuant to the TSA between Equinor and GMW, Equinor provided limited services.  *Id.* at No. 4.

(Doc. No. 52 at p. 7).

The instant case appears to be distinguishable from Freeport–McMoRan, Inc.  There, the non-diverse party that was belatedly added as a party did not "acquire" an interest in the outcome of the litigation until sometime after litigation was commenced.  Here, GMW appears to have acquired the Jerome Anderson location before the events giving rising to the instant action occurred.  Thus, it would appear that GMW had an interest in the Jerome Anderson location at all times relevant to this action and thus an interest in the outcome of the instant action since its inception.

The court shall hold a status conference with the parties at 2:30 PM on May 8, 2023, by telephone to discuss the issue of jurisdiction and to chart a course going forward.  To participate in the conference, the parties shall call (877) 810-9415 and enter access code 8992581.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
