IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Torie Bauer, | ) |
| | ) |
| Plaintiff, | )   **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| Equinor Energy LP; Grayson Mill Williston, LLC, | ) |
| | )   Case No. 1:21-cv-170 |
| | ) |
| Defendants. | ) |

I. **BACKGROUND**

This action arises out of an explosion that occurred at the Jerome Anderson 10-15 2TFH, 6H, 7TFH (hereinafter referred to as "Jerome Anderson location"), an oil and gas facility located in Mountrail County, on June 3, 2021. According to Plaintiff's original Complaint, she was at the Jerome Anderson location at the behest of Equinor Energy LP ("Equinor"), who she believed to be the location's owner and lease operator, to perform leak detection and repairs pursuant to a contract between Equinor and her employer, RUSCO Operating, LLC. (Doc. No. 22 at ¶¶ 8-11). Using Equinor-supplied equipment and following Equinor-dictated procedures, she detected leaks coming from several water and oil storage tank thief hatches. (Id. at ¶ 22). She climbed stairs adjacent to a fiberglass water storage tank, opened the thief hatch, and waited for the pressure to equalize. (Id. at ¶ 24, 26). She then fully opened the hatch so that she could clean its gaskets/fittings. (Id. at 26). She felt extreme heat rising as gases/hydrocarbons in or around the tank ignites, was hit head on by flames, and tumbled down the stairs, sustaining serious and permanent injuries. (Id. at 27-28).

Plaintiff initiated this action by complaint against Equinor on August 23, 2021, claiming that the June 3, 2021 explosion at the Jerome Anderson location and that her resulting injuries were

proximately caused by the negligence, reckless actions, and/or omissions of Equinor and its agents, representatives, and/or employees at the Jerome Anderson location. (Doc. No. 1).

Plaintiff later learned that Grayson Mill Williston, LLC ("GMW ") owned the Jerome Anderson location at the time of incident. She joined GMW as a defendant in an Amended Complaint filed on January 13, 2022, pursuant to a court-adopted stipulation between Plaintiff and Equinor. (Doc. Nos. 20, 21, and 22).

On January 31, 2023, Defendants and Plaintiff respectively filed a Motion for Summary Judgment and Motion for Partial Summary Judgment. (Doc. No. 51 and 53).

On March 6, 2023, Plaintiff filed a motion seeking an order from the court striking an affidavit filed by Defendants in support of their Motion for Summary Judgment and sanctioning Defendants. (Doc. Nos. 66 and 68).

When reviewing the record, the court observed there was a dearth of information regarding citizenship of GMW's members or sub-members. The import of this omission in the court's view was GMW's joinder in this action may destroy diversityas at first blush it appeared that GMW could be considered an indispensable party by virtue of its acquisition of the Jerome Anderson location prior to the events giving rise to Plaintiff's claims. Mindful of its obligation to remain attentive to jurisdictional requirements in all cases regardless of their posture, the court issued an order on May 1, 2023, that scheduled a status conference with the parties to discuss the issue of jurisdiction, which it framed as follows:

> GMW was joined as a defendant in an amended complaint filed on January 13, 2022, pursuant to a stipulation between Plaintiff and Defendant Equinor Energy LP ("Equinor") that was adopted by the court. (Doc. Nos. 20, 21, and 22). In paragraph five of her amended complaint, Plaintiff asserted the following with respect to GMW's citizenship: "At all relevant times, Defendant Grayson Mill Williston, LLC ("GMW") was, and is, a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Houston, Texas, and registered

to do business in North Dakota as a foreign entity and was conducting business in North Dakota. As such, GMW is not a citizen of North Dakota." (Doc. No. 22). In its answer, GMW admitted that it was formed under Delaware law and is registered to do business in North Dakota. (Doc. No. 26). It said nothing about its members' citizenship, however.

The facts alleged to establish GMW's diversity of citizenship were arguably sufficient at the pleading stage. [FN 1 omitted]. However, the fact that GMW is formed under Delaware law and registered to do business in North Dakota is not, in the final analysis, sufficient to establish GMW's diversity as it is well-settled that the citizenship of an LLC is the citizenship of its members. See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that, for purposes of diversity jurisdiction, an LLC's citizenship is that of its members). Disclosure of the citizenship of LLC members remains "necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship." Advisory Committee Notes re the 2022 Amendment to Rule 7.1. "Disclosure is required by a plaintiff as well as all other parties and intervenors." Id.

In Freeport–McMoRan, Inc. v. K N Energy, the United States Supreme Court held that the addition of a new, non-diverse party generally does not deprive the District Court of subject matter jurisdiction, and hence does not require remand or dismissal. See 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").[FN 2] In so doing it indicated that there might be an exception if the new party was actually an indispensable party at the beginning of the litigation. See id.; see also Burka v. Aetna Life Ins. Co., 87 F.3d 478, 480 (D.C. Cir. 1996). Here, it appears that GMW could perhaps be considered an indispensible party from the beginning of this litigation.

This action arises out of an incident alleged to have occurred on June 3, 2021, [Jerome Anderson location]. In her amended complaint, Plaintiff did not substitute or replace GMW. Rather she joined GMW as an additional defendant, presumably after learning of GMW's ownership interest in the Jerome Anderson location.

In their answer and brief in support of the motion for summary judgment, Defendants acknowledge that *they* own the Jerome Anderson location. They also state the following in their brief:

> Equinor sold the Jerome Anderson location to GMW as part of an asset sale dated, February 9, 2021. Exhibit 9 at No. 2. The facility was owned by GMW on the date of Bauer's alleged incident, but pursuant to the TSA between Equinor and GMW, Equinor provided limited services. *Id.* at No. 4.

(Doc. No. 52 at p. 7).

> The instant case appears to be distinguishable from Freeport–McMoRan, Inc. There, the non-diverse party that was belatedly added as a party did not "acquire" an interest in the outcome of the litigation until sometime after litigation was commenced. Here, GMW appears to have acquired the Jerome Anderson location before the events giving rising to the instant action occurred. Thus, it would appear that GMW had an interest in the Jerome Anderson location at all times relevant to this action and thus an interest in the outcome of the instant action since its inception.

(Doc. No. 77).

Following the status conference on May 8, 2023, the court stayed all deadlines pending further order and directed the parties to provide an update by May 22, 2023, of their efforts to identify the citizenship of GMW's members and sub-members. (Doc. No. 79).

On May 22, 2023, GMW filed a Rule 7.1 Disclosure Statement in which it advised:

> As of [January 13, 2022,] the sole member of GMW is Grayson Mill Energy II, LLC. The sole member of that LLC is Grayson Mill Holding II, LLC. The members of that LLC are Encap Energy Capital Fund X, L.P., Encap Energy Capital Fund XI, L.P., and several natural persons. None of the natural persons reside in North Dakota and are not domiciled in North Dakota. As of the date of filing and service, none of the members of the aforementioned EnCap Capital Funds were citizens of North Dakota.

(Doc. No. 80).

On May 22, 2023, Plaintiff filed a brief asserting: (1) there was no evidence in the record to indicate that any of GMW's members are citizens of North Dakota; and (2) GMW is not an indispensable party under Fed. R. Civ. P. 19; (3) this court retains jurisdiction. (Doc. No. 81).

On June 21, 2023, Plaintiff filed a motion requesting that, among other things, the court require GMW to supplement its Rule 7.1. Disclosure Statement as its original statement was deficient. (Doc. No. 83).

On June 27, 2023, the court issued an order granting Plaintiff's request in part and directing GMW to: file a supplemental Rule 7.1 Disclosure Statement identifying all members, sub-members

and their citizenship; and respond to Plaintiff's assertion that GMW is not an indispensable party. (Doc. No. 85).

On July 18, 2023, GMW filed a supplemental Rule 7.1 Disclosure Statement that advised: "Defendants have found no evidence indicating that any of their members are or were citizens of North Dakota at all relevant times" and "Defendants are willing to concede that [GMW] is not an indispensable party." (Doc. No. 86).

On July 24, 2023, Plaintiff filed a "Motion for Civil Contempt or Finding of Diversity Jurisdiction." (Doc. No. 87). She asserted that the court could find, based on the preponderance of the evidence in the record, that GMW is a citizen of Texas and that its inclusion does not destroy complete diversity amongst the parties. (Id.). She requested that the court lift the stay, reset this matter for trial, and sanction GMW for its ongoing failure to disclose the identities and citizenship of all of its members and sub-members. (Id.).

On October 9, 2023, the court issued an order scheduling another status conference with the parties on October 17, 2023, to further discuss its jurisdictional concerns along with the various documents and motions filed by parties since the last status conference. (Doc. No. 92).

On October 17, 2023, the court convened the status conference. (Doc. No. 65). Plaintiff appeared but the same cannot be said for Defendants.

On October 18, 2023, Plaintiff filed a "Motion to Compel Equinor's Rule 7.1 Disclosure Statement" (Doc. No. 94) and "Motion for Finding Diversity Jurisdiction to Lift Stay, and to Reset Trial Date" (Doc. Nos, 96, 98, 99).

On November 8, 2023, Defendants filed a "Motion to Quash Deposition Notices and Related Subpoenas." (Doc. No. 100). It asserts that recent deposition notices and related subpoenas served upon them by Plaintiff should be quashed as this action has been stayed and discovery has otherwise

closed.

On December 8, 2023, Plaintiff filed a "Motion to Stay Case." (Doc. No. 102). She requests that the court stay this matter pending a parallel state case involving the same parties and claims.

On January 3, 2024, the court held a status conference at Plaintiff's request to discuss, among other things, the court's lingering concerns regarding GMW's citizenship and by extension its continued exercise of diversity jurisdiction in this matter. At the conference, Defendants took the position that they had adequately addressed the issue of GMW's citizenship as they had identified multiple levels of GMW's members. They also intimated or at least appeared to intimate that GMW's citizenship is largely inconsequential as such jurisdiction existed at the time the action was filed and could not be divested by subsequent events. In so doing, they directed the court's attention to the finding in Dominek, et l. v. Equinor Energy, L.P., et al., Case No. 1:19-cv-288 (D.N.D.), when an amended complaint adding GMW did not destroy jurisdiction.

## II.   DISCUSSION

First, with respect to Dominek, the underlying facts appear distinguishable from those in the instant case. In Dominek, GMW acquired assets and operating status for the well at issue from Equinor well after litigation had been commenced. Here, GMW acquired the Jerome Anderson location from Equinor before the incident giving rise to Plaintiff's claims occurred. In addition, at the time the incident occurred, Equinor was providing services to GMW pursuant to a Transitional Service Agreement. It is because of GMW's ownership of the Jerome Location at the time the incident occurred and its contractual relationship with Equinor for services at the Jerome Location, which Equinor presumably subbed out the Plaintiff's employer, that the court asked whether GMW was an indispensable party at the time this action was commenced. Freeport-McMoRan, Inc., 498 U.S. 426; Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001); Burka

v. Aetna Life Ins. Co., 87 F.3d 478, 480 (D.C. Cir. 1996).

Second, with respect to GMW's Rule 7.1. Disclosure Statements, the court makes the following observations. The identified members and sub-members of GMW are themselves limited liability companies or limited partnerships. It is well-settled that when "any member is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person." Niemann v. Carlsen, No. 4:22-cv-0110-AFG, 2023 WL 22038 at * 1 (E.D. Mo. Jan. 3, 2023); see also Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships– the federal court needs to know the citizenship of each 'sub-member' as well."); Hill v. Lowe's Home Centers, LLC, No. 1:21-CV-00185-SRC, 2022 WL 1202363, at *3 (E.D. Mo. Apr. 22, 2022) (recognizing that, when diversity of citizenship is invoked and a limited liability company is a party, the court needs to know the citizenship of each member of the company, including sub-members).

The court appreciates the parties are frustrated. It too is frustrated. While the court ponders whether GMW is an indispensable party and to assuage the court's lingering concerns regarding GMW's citizenship, the court shall require more information about the GMW's members and sub-members.

### III.    CONCLUSION

The court shall continue the stay of deadlines in this case pending further order.  GMW shall have 30 days from the date of this order to supplement its Rule 7.1 disclosures or otherwise file a report updating the court of its efforts to identify the citizenship of its members and sub-members.  The court shall hold another status conference with the parties on February 22, 2024, at 1:30 PM by telephone.  To participate in the conference, the parties should call (877) 810-9415 and enter access code 8992581.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court